# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| POWER SUPPORT (USA), INC., etc., et al., <br><br> Plaintiff, <br> v. <br><br> POWER SUPPORT, LTD., etc., at al., <br><br> Defendants. | CASE NO. CV12-10900 RGK(FFMx) <br><br> **[PROPOSED] STIPULATED PROTECTIVE ORDER** <br><br> Note Changes Made by Court <br><br> U.S. Magistrate Judge: <br> Hon. Frederick F. Mumm |

**1.   PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and use for any purpose other than prosecuting this litigation will be warranted. Accordingly, the parties hereby stipulate to and request the Court to enter the following Stipulated Protective Order ("Order"). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the information or items that warrant confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.4 below, that this Order does not entitle them to file confidential information under seal; Local Rule 79-5.1

Case 2:12-cv-10900-BRO-FFM Document 90 Filed 05/08/13 Page 2 of 15 Page ID #:1223

POWER SUPPORT (USA), INC. et al. v. POWER SUPPORT LTD., et al.
United States District Court – Central District of California Case No. CV12-10900 RGK(FFMx)

sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

## 2. DEFINITIONS

2.1 <u>Challenging Party</u>: A Party or Non-Party that challenges the designation of information or items under this Order.

2.2 <u>"CONFIDENTIAL" Information or Items</u>: Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3 <u>"HIGHLY CONFIDENTIAL" Information or Items</u>: Extremely sensitive "'CONFIDENTIAL' Information or Items" disclosure of which to another Party or Non-Party would create a substantial risk of serious injury that could not be avoided by less restrictive means. Counsel shall not designate information or items as "HIGHLY CONFIDENTIAL" without first making a good faith determination that protection is warranted.

2.4 <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5 <u>Designating Party</u>: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL".

2.6 <u>Disclosure or Discovery Material</u>: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 <u>Expert</u>: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action.

Case 2:12-cv-10900-BRO-FFM   Document 90   Filed 05/08/13   Page 3 of 15   Page ID #:1224
POWER SUPPORT (USA), INC. et al. v. POWER SUPPORT LTD., et al.
United States District Court – Central District of California Case No. CV12-10900 RGK(FFMx)

2.8 <u>Outside Expert</u>:  An Expert who is not a past or current employee of a Party or a competitor of any Party.

2.9 <u>House Counsel</u>:  Attorneys who are employees of a Party to this action.

2.10 <u>Non-Party</u>:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11 <u>Outside Counsel of Record</u>:  Attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.12 <u>Party</u>:  Any party to this action, including all of its officers, directors, employees, consultants, professional advisors, retained experts, and Outside Counsel of Record (and their support staffs).

2.13 <u>Producing Party</u>:  A Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14 <u>Professional Vendors</u>:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15 <u>Protected Material</u>:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL".

2.16 <u>Receiving Party</u>:  A Party that receives Disclosure or Discovery Material from a Producing Party.

## 3. **SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by any Party or their Counsel that

Case 2:12-cv-10900-BRO-FFM Document 90 Filed 05/08/13 Page 4 of 15 Page ID #:1225

POWER SUPPORT (USA), INC. et al. v. POWER SUPPORT, et al.
United States District Court – Central District of California Case No. CV12-10900 RGK(FFMx)

1 might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and is under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.  DURATION**

The confidentiality obligations imposed by this Order shall remain in effect even after final disposition of this litigation until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice, and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.  DESIGNATING PROTECTED MATERIAL**

5.1  <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Case 2:12-cv-10900-BRO-FFM Document 90 Filed 05/08/13 Page 5 of 15 Page ID #:1226

POWER SUPPORT (USA), INC. et al. v. POWER SUPPORT LTD., et al.
United States District Court – Central District of California Case No. CV12-10900 RGK(FFMx)

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial proceedings), that the Producing Party affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

Case 2:12-cv-10900-BRO-FFM Document 90 Filed 05/08/13 Page 6 of 15 Page ID #:1227

POWER SUPPORT (USA), INC. et al. v. POWER/SUPPORT LTD, et al.
United States District Court – Central District of California Case No. CV12-10900 RGK(FFMx)

1    (b) For testimony given in deposition or in other pretrial proceedings, **(FFM)** that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, **(FFM)** all protected testimony.  When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or Non-Party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days from the date of receipt of the transcript to identify the specific portions of the testimony as to which protection is sought and to specify that level of protection being asserted as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by this Order.

(c) For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" legend. If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial

Case 2:12-cv-10900-BRO-FFM   Document 90   Filed 05/08/13   Page 7 of 15   Page ID #:1228
POWER SUPPORT (USA), INC. et al. v. POWER/SUPPORTED., et al.
United States District Court – Central District of California Case No. CV12-10900 RGK(FFMx)

unfairness, unnecessary economic burden, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to make a challenge promptly after the original designation is disclosed.

      6.2   <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (both orally and in writing) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

      6.3   <u>Judicial Intervention</u>.  If a Designating Party elects not to change a confidentiality designation after considering the basis offered by the Challenging Party, the Challenging Party may file and serve a motion seeking to remove the designation in compliance with Local Rule 7-3 *et seq*. and Rule 79-5.3, if applicable.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the designation that was given by the Designating Party in the meet and confer dialogue.

      The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g.,

Case 2:12-cv-10900-BRO-FFM Document 90 Filed 05/08/13 Page 8 of 15 Page ID #:1229

POWER SUPPORT (USA), INC. et al. v. POWER/SUPPORT LTD. et al.
United States District Court – Central District of California Case No. CV12-10900 RGK(FFMx)

to harass or impose unnecessary expenses and burdens on other parties), may expose the Challenging Party to sanctions. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (re: FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, any information or item designated "CONFIDENTIAL" may only be disclosed to:

(a) Outside Counsel of Record in this action, as well as employees of Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, employees, House Counsel and professional advisors of any Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

Case 2:12-cv-10900-BRO-FFM Document 90 Filed 05/08/13 Page 9 of 15 Page ID #:1230

POWER SUPPORT (USA), INC. et al. v. POWER/SUPPORT LTD., et al.
United States District Court – Central District of California Case No. CV12-10900 RGK(FFMx)

(e) court reporters and their staff, videographers and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3 <u>Disclosure of "HIGHLY CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, any information or item designated "HIGHLY CONFIDENTIAL" may only be disclosed to:

(a) Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) A single designated House Counsel to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(c) Persons (and their counsel) whom counsel for the Parties believe in good faith to have, or have had, prior access to Highly Confidential Information, or who have been participants in a communication that is the subject of the Highly Confidential Information and from whom verification of or other information about that access or participation is sought, and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A); solely to the extent of disclosing such information to which they

Case 2:12-cv-10900-BRO-FFM Document 90 Filed 05/08/13 Page 10 of 15 Page ID #:1231

POWER SUPPORT USA, INC. et al. v. POWER SUPPORT LTD. et al.
United States District Court – Central District of California Case No. CV12-10900 RGK(FFMx)

have or may have had access or that is the subject of the communication in which they have or may have participated; provided that, unless and until counsel confirms that any such persons have or have had access or were participants, only as much of the information may be disclosed as may be necessary to confirm the person's access or participation;

(d) Outside Experts (as defined in this Order) to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) the Court and its personnel;

(f) court reporters and their staff, videographers and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that Party must:

(a) promptly notify in writing the Designating Party, which shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order, which shall include a copy of this Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

3639134.3

Case 2:12-cv-10900-BRO-FFM Document 90 Filed 05/08/13 Page 11 of 15 Page ID #:1232

POWER SUPPORT (USA), INC. et al. v. POWER SUPPORT LTD. et al.
United States District Court – Central District of California Case No. CV12-10900 RGK(FFMx)

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's Protected Material in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's Protected Material, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

///

Case 2:12-cv-10900-BRO-FFM Document 90 Filed 05/08/13 Page 12 of 15 Page ID #:1233

POWER SUPPORT (USA), INC. et al. v. POWER SUPPORT LTD., et al.
United States District Court – Central District of California Case No. CV12-10900 RGK(FFMx)

     (3) make the information requested available for inspection by the Non-Party.

   (c) If the Non-Party fails to ~~object to or~~ **(FFM)** seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's Protected Material responsive to the discovery request.

  ~~If the Non-Party timely objects to the discovery request, the requesting Party shall then have 14 days from receipt of the objection to move the Court for an order compelling the discovery request. Should the Non-Party object on the basis that the request seeks "Confidential" or "Highly Confidential" information, the burden of proving that the designation is proper under Rule 26(c)(7) shall be upon the Non- Party or Protected Person.~** **(FFM)**

  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

## 10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosure, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosure was made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

Case 2:12-cv-10900-BRO-FFM Document 90 Filed 05/08/13 Page 13 of 15 Page ID #:1234

POWER SUPPORT (USA), INC. et al. v. POWER SUPPORTED, et al.
United States District Court – Central District of California Case No. CV12-10900 RGK(FFMx)

## 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure, Rule 26(b)(5)(B).

## 12. MISCELLANEOUS

12.1 <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12.3 <u>Right of Parties to Use Their Own Protected Material.</u>  Nothing in this Order shall limit or otherwise govern the use a Party may make of its own Protected Material.

12.4 <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.1. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.

## 13. FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party shall return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all

Case 2:12-cv-10900-BRO-FFM Document 90 Filed 05/08/13 Page 14 of 15 Page ID #:1235
POWER SUPPORT (USA), INC. et al. v. POWER SUPPORT LTD. et al.
United States District Court – Central District of California Case No. CV12-10900 RGK(FFMx)

copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel of Record are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED:

DATED: May 8, 2013

/S/ FREDERICK F. MUMM
FREDERICK F. MUMM
United States Magistrate Judge

3639134.3

Case 2:12-cv-10900-BRO-FFM Document 90 Filed 05/08/13 Page 15 of 15 Page ID #:1236

POWER SUPPORT (USA), INC. et al. v. POWER SUPPORT, et al.
United States District Court – Central District of California Case No. CV12-10900 RGK(FFMx)

# EXHIBIT A
# ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, hereby declare as follows:

1. My address is _____. My current employer is _____. My current occupation is _____.

2. I have received a copy of the Stipulated Protective Order entered in the above-captioned action (the "Protective Order"). I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Information that is disclosed to me.

4. Promptly upon termination of this action, I will return any and all "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Information that came into my possession, and all documents and things that I have prepared relating thereto, as required by the Protective Order.

5. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

6. I understand that this Acknowledgement and Agreement and the Protective Order are enforceable after the termination of this action.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____        _____

_____
(Printed Name)